UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EUGENE C. MCKENNA,

   Plaintiff,

 v.

             Case No. 19-cv-1095-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

   Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

  The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

  To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

  Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not married, not employed, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists income of $267.84 per month from VA disability, and he itemizes monthly expenses totaling $900. Id. at 2-3. The plaintiff states that he owns a 2011 Ford Focus worth

1

approximately $3,000 and a home worth approximately $30,000. Id. at 3. The plaintiff indicates that he has $25 cash on hand or in a checking or savings account and that he owns no other property of value. Id. at 3-4. Although the court is perplexed about the plaintiff's ability to live when his monthly expenses are approximately $630 more than his stated income, the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was disabled during the time period included in this case, and the Commissioner denied him benefits. Dkt. No. 1 at 3. The plaintiff states that accommodated volunteer work was used to show that he could perform full time competitive employment, in violation of case law; the RFC assessment was not function-by-function and did not properly define the sit/stand option; the credibility assessment used condemned "not fully consistent" language and never completed the required

assessment of symptoms and limitations; the RFC assessment was neither light nor sedentary and the VE did not show jobs were performable or erosion of the occupational base. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 31st day of July, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**
